IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MACLEAN-FOGG COMPANY, a Delaware Corporation, and MACLEAN POWER, L.L.C., a Delaware Limited Liability Company, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) Civil Action No. 1:12-cv-6796 |
| v. | )<br>) |
| GUANGZHOU HOTLINK HARDWARE CO., LTD., an Alien Company, and DAVID ZHANG, an Alien, | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

**COMPLAINT FOR
INJUNCTIVE AND OTHER RELIEF**

Plaintiffs, MacLean-Fogg Company and MacLean Power, L.L.C., (collectively, "MacLean"), by and through their counsel, Winston & Strawn, LLP, and for their Complaint for Injunctive and Other Relief against Defendants, Guangzhou Hotlink Hardware Co., Ltd., ("Hotlink") and David Zhang ("Zhang") (collectively, "Defendants"), state as follows:

**NATURE OF ACTION**

1. In this action, MacLean seeks injunctive relief and damages against Defendants for trademark infringement, counterfeiting, unfair competition, false designations of origin, false and misleading representations, and deceptive trade practices arising out of Defendants' unauthorized use of MacLean's trademarks and model numbers in connection with the sale of automatic connectors.

2. Upon information and belief, owners, employees, partners, or other affiliated persons acting in concert with Defendants, including Zhang, are subject to a previous order of this Court finding such persons were liable for trademark counterfeiting and trademark infringement of MacLean's Trademarks and Model Numbers, and permanently enjoining such persons from using, employing, or making any mention whatsoever of the Trademarks or Model Numbers. (*MacLean-Fogg Co. v. Ningbo Fastlink Equip.*, Civil Action No. 08 CV 2593, Permanent Injunction Against Ningbo Equipment Co., Ltd., David Zhang and Charlie Jin (Dkt. 85), attached as Exhibit A).

3. MacLean is in the business of manufacturing highly specialized automatic connectors that are used to anchor and splice together utility and telecommunication wires and cables. Among other applications, MacLean's products help restore electric power quickly when electric lines are downed. MacLean has produced these automatic connectors for over fifty (50) years and is the largest manufacturer and seller of automatic connectors in the United States. In addition to its automatic connectors, MacLean provides safety manuals and trained representatives to make sure its automatic connectors are used properly and safely. MacLean markets and sells its automatic connectors under registered trademarks and model numbers.

4. Hotlink manufactures connectors and offers for sale, sells, distributes, and ships its connectors in the United States using MacLean's trademarks and model numbers, or trademarks and model numbers that are identical to or substantially indistinguishable from MacLean's trademarks and model numbers.

5. Upon information and belief, Zhang is or was employed by or otherwise coordinating with Hotlink regarding the manufacture, offering for sale, selling, distribution, and/or shipping of Hotlink's connections in the United States using MacLean's trademarks and

model numbers, or marks and model numbers that are identical to or substantially indistinguishable from MacLean's trademarks and model numbers.

6. Defendants have no authorization to use MacLean's trademarks and model numbers in connection with the marketing and sale of its products.

## PARTIES

7. MacLean-Fogg Company is a Delaware corporation with its principal place of business located at 1000 Allanson Road, Mundelein, Illinois.

8. MacLean Power, L.L.C. is a Delaware limited liability company with its principal place of business located at 11411 Addison Avenue, Franklin Park, IL 60131. MacLean Power is a subsidiary and an operating unit of the MacLean-Fogg Company.

9. Upon information and belief, Hotlink is a Chinese company with its principal place of business located at Building A, Xinzhuang Industrial Area No.84, Tianyuan Road, Yonghe Economic & Technical Development Zone, Luogang District, Guangzhou, Guangdong, China, and is in the business of manufacturing, exporting, and distributing connectors.

10. Upon information and belief, Zhang resides in China and is or was employed by or otherwise coordinating with Hotlink.

## JURISDICTION

11. The Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 as this action involves substantial claims arising under the United States Trademark Act of 1946, commonly known as the Lanham Act. This Court has supplemental jurisdiction over MacLean's state-law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

12. This Court has personal jurisdiction over Defendants as they conduct business

within the State of Illinois establishing minimum contacts with the jurisdiction out of which the claims alleged in this Complaint arise.

## VENUE

13. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. § 1391, because, among other things, a substantial part of the events giving rise to the claims herein occurred in this District as Defendants have caused infringing and/or counterfeit products to be sold and shipped into the Northern District of Illinois. Venue is also proper in the Northern District of Illinois, Eastern Division pursuant to 28 U.S.C. § 1391(c) in that Zhang is not resident in the United States, and pursuant to 28 U.S.C. § 1391(d) in that Hotlink is an alien corporation.

14. Upon information and belief, Defendants, who introduced the infringing products into the stream of commerce, know that the infringing and/or counterfeit products will be sold into the Northern District of Illinois to end users through distributors.

## GENERAL ALLEGATIONS

### THE REGISTERED TRADEMARKS

15. MacLean manufactures and sells, among other products, splices and deadend connectors that are advertised and sold under registered trademarks, "Strandvise®", "Strandlink®", "Wirevise®", and "Wirelink®" (the "Trademarks"), and model or catalog numbers, including "5040", "5041", "5042", "5058", "5059", "5200", "5200L", "5201", "5201L", "5250" and "5251" (the "Model Numbers"). (The foregoing splices and deadend connectors shall hereinafter be referred to as the "MacLean Power Connectors.")

16. The MacLean Power Connectors have established and maintained, over many years, a high level of goodwill and a reputation in the electrical and telecommunications industry

4

for safety, quality and consistency.

17. The Trademarks, Strandvise® (Reg. No. 2,980,923), Strandlink® (Reg. No. 2,947,854), Wirevise® (Reg. No. 717,743), and Wirelink® (Reg. No. 725,802), are registered on the principal register in the United States Patent and Trademark Office for splices and deadend connectors.

18. MacLean's Trademarks are valid and subsisting, uncancelled and unrevoked and have become incontestable under 15 U.S.C. § 1065.

19. MacLean uses the Trademarks in commerce and has the exclusive right to use the Trademarks in connection with any importation, sale, offer to sell, or distribution of splices and deadend connectors in the United States.

## TRADEMARK COUNTERFEITING

20. Defendants have used designations that are identical to, or substantially indistinguishable from, MacLean's Trademarks in connection with the sale, offer for sale, or distribution of, splices and deadend connectors (the "Hotlink Connectors").

21. Without MacLean's authorization, Defendants used the designations that are identical to or substantially indistinguishable from one or more of the Trademarks in selling, offering for sale, and/or distributing Hotlink Connectors.

22. Defendants have offered for sale, sold, and/or shipped Hotlink Connectors into this District.

23. Defendants' use of the Trademarks in connection with the Hotlink Connectors violates the Trademark Counterfeiting Act, including 15 U.S.C. §§ 1114 *et seq*.

24. Defendants manufacture, advertise, offer for sale, and sell Hotlink Connectors.

25. Defendants advertise, market, and offer for sale Hotlink Connectors on a variety

of websites (hereinafter, "Hotlink Websites") publicly accessible within the Northern District of Illinois.

26. Hotlink Connectors are being identified on the Hotlink Websites by using designations that are identical to, or substantially indistinguishable from, MacLean's Trademarks.

27. Each kind of the Hotlink Connectors that is advertised, marketed, offered for sale, or sold by means of the Hotlink Websites has at least one designation associated with it.

28. At least one kind of Hotlink Connector is being identified on the Hotlink Websites by the designations "Hotlink WireVise" and "HWV" with corresponding model numbers including "5058."

29. "Hotlink WireVise" or "HWV" are being advertised and offered for sale on the Hotlink Websites in wire ranges of 0.091-0.114 inches, which are the same wire ranges as MacLean's Wirevise® connectors.

30. At least one kind of Hotlink Connector is being identified on the Hotlink Websites by the designations "Hotlink WireLink" and "HWL" with corresponding model numbers including "5059."

31. "Hotlink WireLink" or "HWL" are being advertised and offered for sale on the Hotlink Websites in wire ranges of 0.091-0.114 inches, which are the same wire ranges as MacLean's Wirelink® connectors.

32. At least one kind of Hotlink Connector is being identified on the Hotlink Websites as a "Strandvise" with corresponding model numbers including "5200", "5200L", "5201", "5201L", "5250", and "5251."

33. "Strandvise" is being advertised and offered for sale on the Hotlink Websites in

wire ranges of 0.270-0.315 inches (model numbers 5201, 5201L, and 5251) and 0.325-0.392 inches (model number 5250), which are the same wire ranges as MacLean's Strandvise® connectors.

34. At least one kind of Hotlink Connector is being identified on the Hotlink Websites as a "Strandlink" with corresponding model numbers including "5040", "5041", "5042."

35. "Strandlink" is being advertised and offered for sale on the Hotlink Websites in wire ranges of 0.215-0.270 inches (model number 5040), 0.270-0.315 inches (model number 5041), and 0.325-0.392 inches (model number 5042), which are the same wire ranges as MacLean's Strandlink® connectors.

## TRADEMARK INFRINGEMENT

36. Defendants have used and continue to use marks in commerce that are confusingly similar to MacLean's Trademarks and Model Numbers.

37. Defendants' use of marks that are identical to, or substantially indistinguishable from, the MacLean Trademarks and Model Numbers has created a likelihood of confusion within the market place.

38. Defendants' use of the Trademarks and Model Numbers in connection with the sale and distribution of Hotlink Connectors has created actual confusion or a likelihood of confusion within the market place.

39. Defendants' foregoing conduct has damaged MacLean.

## COUNT I

**Violation of the Lanham Act
(15 U.S.C. § 1114 *et seq.*)**

40. MacLean repeats and realleges the allegations contained in Paragraphs 1 though

7

39 as though set forth fully herein.

41. MacLean's Trademarks constitute prior, protectable trademark rights.

42. MacLean has continually used the Trademarks in connection with the importation, sale, or distribution of the MacLean Power Connectors in the United States.

43. Defendants' acts as set forth in the foregoing paragraphs have caused a likelihood of confusion between MacLean's use of the Trademarks and Defendants' unauthorized use of the Trademarks.

44. Defendants' acts as set forth in the foregoing paragraphs have caused and, unless such acts are restrained by this Court, will continue to cause great and irreparable injury to MacLean.

45. As a result of Defendants' actions, MacLean has suffered and will continue to suffer money damages in an amount to be proven at trial.

## COUNT II

### Unfair Competition and False Designations of Origin and False and Misleading Representations
### (15 U.S.C. § 1125(a))

46. MacLean repeats and realleges the allegations contained in Paragraphs 1 though 39 as though set forth fully herein.

47. Defendants' use of the Trademarks in interstate commerce constitutes a false designation of origin, description or representation in violation of MacLean's right in the Trademarks, which wrongfully and falsely designates, describes or represents MacLean's products, causing likely confusion, mistake and deception as to the affiliation, connection or association of the Hotlink Connectors with MacLean's products in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

8

48. Defendants' actions have caused and, unless such actions are restrained by this Court, will continue to cause substantial and irreparable injury to MacLean.

49. As a result of Defendants' actions, MacLean has suffered and will continue to suffer money damages in an amount to be proven at trial.

### COUNT III

**Violation of the Illinois Uniform Deceptive Trade Practices Act**
**(815 ILCS § 510/2)**

50. MacLean repeats and realleges the allegations contained in Paragraphs 1 through 39 as though set forth fully herein.

51. Defendants' use of the Trademarks constitutes a deceptive trade practice in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 *et seq*. insofar as it:

   a) passes off the Defendants' products as products of MacLean;

   b) causes a likelihood of confusion or misunderstanding as to the source, sponsorship, approval or certificate of MacLean's products;

   c) causes a likelihood of confusion or misunderstanding as to the affiliation, connection or association with or certification by MacLean; or

   d) represents that the Defendants' products have approval or sponsorship that they do not have.

52. Defendants' actions as stated above constitute deceptive business practices in that those actions in trade and commerce use and employ practices set out in Section 2 of the Illinois Uniform Deceptive Trade Practices Act, 810 ILCS 510/2, and/or constitute the use and/or employment of deception, fraud, false pretense, false promise, misrepresentation and/or the concealment, suppression and/or omission of a material fact, with an intent that others rely upon

the concealment, suppression or omission of such material fact.

53. Defendants have willfully engaged in the deceptive trade practices.

54. Defendants' statutory violations have injured and will continue to injure MacLean, including loss of its customers, dilution of goodwill, confusion of existing and potential customers, injury to its reputation, and diminution in the value of the Trademarks.

55. Defendants' actions have caused and, unless such actions are restrained by this Court, will continue to cause substantial and irreparable injury to MacLean.

56. Defendants have realized revenue and profits by virtue of its wrongful actions that it otherwise would not have obtained and to which it is not entitled.

## COUNT IV

### Common Law Trademark Infringement

57. MacLean repeats and realleges the allegations contained in Paragraphs 1 through 39 as though set forth fully herein.

58. MacLean owns and has continuously used the Trademarks and Model Numbers in connection with the sale and marketing of the MacLean Power Connectors, as described herein, in Illinois and in interstate commerce.

59. MacLean's Trademarks are protectable marks.

60. As a result, MacLean owns and enjoys common law rights in Illinois, and throughout the United States, in and to the Trademarks which are superior to any rights that Defendants may claim in and to such trademarks.

61. Defendants' conduct has caused and is likely to continue to cause confusion with MacLean's distinctive Trademarks. Consumers are likely to be confused as to the affiliation, connection, or association with MacLean, or as to the origin, sponsorship, or approval by

MacLean of the Hotlink Connectors.

62. Defendants' actions have caused and will continue to cause damage to MacLean's goodwill and reputation in violation of common law trademark principles.

## COUNT V

### Common Law Unfair Competition

63. MacLean repeats and realleges the allegations contained in Paragraphs 1 through 39 as though set forth fully herein.

64. Defendants' use of the Trademarks and Model Numbers is being done with the intent to pass off the Hotlink Connectors as originating from or having the sponsorship, affiliation, or approval of MacLean in order to trade on the goodwill created by MacLean in the Trademarks.

65. Defendants' actions set forth above constitute the sale and passing off of its products as MacLean Power Connectors, infringement, imitation and misappropriation of the Trademarks and Model Numbers, unjust enrichment and unfair competition with MacLean in violation of MacLean's rights at common law.

66. Defendants' unauthorized use constitutes the common law tort of unfair competition.

67. Defendants' actions set forth above have caused, and unless such acts are restrained by this Court, will continue to cause substantial and irreparable injury to MacLean.

68. Upon information and belief, Defendants' conduct was oppressive, fraudulent, and malicious entitling MacLean to an award of punitive damages.

11

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs MacLean-Fogg Company and MacLean Power, LLC request judgment in their favor and against Defendants as follows:

1.  That Defendants and their agents, servants, employees, attorneys, successors, and assigns, and any and all persons acting in concert or participating with them, or any of their successors or assigns, be preliminarily and permanently enjoined and restrained from directly or indirectly:

   a) using the Trademarks and/or the Model Numbers, or any reproduction, counterfeit, copy, or colorable imitation of said marks in connection with any use in commerce, including the importation, sale, offer for sale, or distribution of automatic connectors;

   b) using the Trademarks and/or Model Numbers, or any reproduction, counterfeit, copy, or colorable imitation or substantially similar representation of the Trademarks or the Model Numbers;

   c) using, employing or making any mention whatsoever of the Trademarks, the Model Numbers, or any other mark that is confusingly similar to the Trademarks or the Model Numbers in any and all promotional materials, on-line materials, websites, web pages, product labeling and packaging, and documents;

   d) making any false or misleading statements regarding MacLean or its goods, or the relationship between MacLean and Defendant;

   e) committing any other acts calculated to cause purchasers to believe that the Hotlink Connectors are MacLean products;

    f)    shipping, delivering, holding for sale, exporting to the United States, importing to the United States, marketing, distributing, returning, transferring, moving, concealing, altering, or disposing of in any manner any such automatic connectors or packaging, invoices, packing slips, correspondence, or any other document related to any Trademark or Model Number;

    g)    transferring, moving, concealing, altering, or disposing of in any manner any product bearing the Trademark or Model Number or any inauthentic automatic connectors, packaging, invoices, packing slips, correspondence, or any other document related to any product bearing the Trademark or Model Number or related to any Trademark or Model Number; and

    h)    assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in the above subparagraphs (a) through (g).

2.    That Defendants and any and all persons controlled by or acting in concert with Defendants be required to deliver to MacLean for destruction all goods, packages, and any other written or printed materials that bear or depict the Trademarks or the Model Numbers, or any reproduction, counterfeit, copy or colorable imitation of the same, and all means for making the same.

3.    That Defendants be required to account to MacLean for Defendants' profits from the sale of counterfeit and infringing connectors, and for the unauthorized sale of any MacLean Power Connectors, and for such sum in addition thereto as the Court shall find just.

4.    That MacLean be awarded all profits, damages, costs and its attorneys' fees pursuant to 15 U.S.C. § 1117(a).

5. That MacLean recovers the damages arising out of Defendants' wrongful acts in a sum equal to three times the actual damages suffered by MacLean, as provided in 15 U.S.C. § 1117(b).

6. That MacLean be awarded statutory damages, as provided in 15 U.S.C. § 1117(c).

7. That Defendants be required to disgorge its profits and other ill-gotten gains.

8. That MacLean has and recovers taxable costs of this action, including reasonable attorneys' fees and interest.

9. That MacLean be awarded punitive damages in view of Defendants' wanton and deliberate illegal acts committed with oppression, fraud, or malice.

10. That Defendants be ordered to file with the Court and serve upon MacLean, within thirty (30) days after the service of the injunction upon Defendants, a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the injunction and judgment entered pursuant to this Complaint.

11. That MacLean be awarded such other and further relief as this court deems just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), MacLean demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: August 23, 2012 | RESPECTFULLY SUBMITTED,<br><br>MACLEAN-FOGG COMPANY<br>MACLEAN POWER, L.L.C.<br><br><br>By <u>/s/ Brad Graveline</u><br>One of Their Attorneys<br><br>Bradley C. Graveline<br>Dana E. Schaffner<br>**Winston & Strawn LLP**<br>35 West Wacker Drive<br>Chicago, IL  60601<br>Tel: (312) 558-5600<br>Fax: (312) 558-5700<br><br>*Plaintiffs' Counsel* |