**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MACLEAN-FOGG COMPANY**, a Delaware Corporation, and **MACLEAN POWER, L.L.C.**, a Delaware Limited Liability Company, | )<br>)<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 12 C 6796 |
| | ) |
| **GUANGZHOU HOTLINK HARDWARE CO., LTD.**, an Alien Company, and **Daniel Xu**, an Alien, | )<br>)<br>)<br>) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

During the previously-set October 10, 2012 status hearing in this action, this Court asked counsel for co-plaintiffs MacLean-Fogg Company and MacLean Power, L.L.C. (collectively "MacLean") whether defendants Guangzhou Hotlink Hardware Co., Ltd. ("Hotlink") and Daniel Xu ("Xu") had been served with process and had filed responses to MacLean's Complaint. Counsel responded that defendants had indeed been served in accordance with the Hague Convention and that counsel had then received from Xu an Answer to Complaint for Injunctive and Other Relief, although to counsel's knowledge that response had not been filed of record. At counsel's request this Court authorized him to place the Answer on file.

In addition to placing the Answer of record, MacLean's counsel delivered a photocopy to this Court (as LR 5.2(f) would have required the pleader to do). And because that pleading is

problematic in a number of respects, this memorandum opinion and order is issued sua sponte to address the problems that this Court has noted.[1]

First, Xu's return of service is signed by him as "Owner of Hotlink." Consistently with that, Xu has signed the Answer on Hotlink's behalf (not on his own), again identifying himself as its owner. But under the law no nonlawyer such as Xu can represent another party (including a corporation). Accordingly the Answer must be stricken without prejudice.

Second, although nonlawyer (and foreign resident) Xu cannot be too severely faulted for his failure to familiarize himself with this District Court's procedural requirements, the Answer has failed to comply with LR 10.1:

> Responsive pleadings shall be made in numbered paragraphs each corresponding to and stating a concise summary of the paragraph to which it is directed.

For Xu's information, most lawyers comply with that provision by simply copying each paragraph of a complaint verbatim and then following with the response to that paragraph. If a new Answer were to be attempted, it would have to comply with that requirement.

Next, the Answer is simply wrong in stating in a number of places (Answer ¶¶ 1-3, 6-9 and 11) that "no response is required" to the corresponding paragraphs of the Complaint. And that is so whether the assertion is based on the premise that the Complaint sets out conclusions of law, see App'x ¶2 to <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276, 278 (N.D. Ill. 2001), or for any other reason. Fed. R. Civ. P. ("Rule") 8(b)(1)(B) requires a responsive pleader to deal with <u>every</u> allegation of a complaint.

---

[1] During the status hearing MacLean's counsel also stated his intention to file a potentially dispositive motion, but that possibility should not delay the issuance of this opinion.

Next, a number of the Answer's invocations of the disclaimer permitted by Rule 8(b)(5) (Answer ¶¶ 25, 37-39, 43-45, 49-52, 56 and 61) follow that invocation by a denial of the Complaint's allegations that have been disclaimed. That is of course is oxymoronic -- how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)?

Finally, each of the affirmative defenses ("ADs") that follow the Answer is unsustainable. Here are the reasons.

1. AD1, which is the equivalent of a Rule 12(b)(6) motion, is dead wrong. Any AD must accept the allegations of the complaint as gospel, and MacLean has surely stated a claim in those terms.

2. AD2 is similarly without merit -- Complaint ¶10 suffices as a pleading matter.

3. AD3 may be Xu's idea, but it is not the law.

Hence the ADs are stricken as well.

In summary, as stated earlier, the existing Answer is stricken. Because this opinion is entirely procedural in nature, no views are expressed here as to the ultimate viability of MacLean's Complaint or as to the substantive aspects of the stricken Answer.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 11, 2012